UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of<br><br>CERTAIN ELECTRONIC DEVICES, INCLUDING HANDHELD, WIRELESS COMMUNICATIONS DEVICES | Misc. Action No. _____<br><br>REQUEST FOR ISSUANCE OF A COMMISSION TO TAKE DEPOSITIONS IN JAPAN<br><br>DEPONENTS:<br><br>PANASONIC CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, AND/OR PANASONIC CONSUMER ELECTRONICS |

**UNOPPOSED MOTION BY COMPLAINANT SAXON INNOVATIONS, LLC FOR THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A COMMISSION FOR THE TAKING OF DEPOSITIONS IN JAPAN**

Saxon Innovations, LLC ("Saxon"), Complainant in *Certain Electronic Devices, Including Handheld, Wireless Communications Devices*, Inv. Nos. 337-TA-673 and 337-TA-667, before the U.S. International Trade Commission ("ITC"), by its counsel, hereby moves the Court to issue the attached commission appointing and authorizing any Consul or Vice-Consul of the United States of America at Osaka-Kobe, Japan, to administer any necessary oaths and to take deposition testimony from the below-named individuals, all employees of Respondents Panasonic Corporation, Panasonic Corporation of North America, and/or Panasonic Consumer Electronics (collectively, "Panasonic"), on or about June 29, June 30, and July 1, 2009, in Japan:

**Kouhei Baba, Seiichi Suzuki, Kyoko Hamakawa, Akihisa Omori, Shigeru Ogura, Kazuhiko Namikawa, and Tetsuya Sakamoto.**

These individuals have agreed to appear voluntarily at the Consulate General of the United States, Osaka, Japan, for the taking of their depositions. None of the Respondents in

U.S.I.T.C. Inv. Nos. 337-TA-673 and 337-TA-667 oppose this Motion. Further, the Commission Investigative Staff does not oppose this Motion. Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLP, indicated "no position" on this Motion.

For these reasons, and those set forth in the accompanying memorandum, Saxon respectfully requests that the Court assign a judge to this matter and, if needed, schedule a hearing to expedite the issuance of the commission, so that the parties may have enough time to obtain the necessary visas to conduct the referenced depositions at the Consulate in Japan.

Dated: May 21, 2009

Respectfully submitted,

Charles N. Carpenter
(D.C. Bar No. 432004)
Heather Kilgore Weiner
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
202.220.1200
202.220.1665 (facsimile)


William D. Belanger
Aaron J. Levangie
Gregory D. Len
Pepper Hamilton LLP
15th Floor, Oliver Street Tower
125 High Street
Boston, MA 02110-2736
617.204.5100
617.204.5150 (facsimile)


Counsel for Complainant
SAXON INNOVATIONS, LLC

#10966148 v1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of | Misc. Action No. _____ |
| CERTAIN ELECTRONIC DEVICES, INCLUDING HANDHELD, WIRELESS COMMUNICATIONS DEVICES | **COMMISSION FOR DEPOSITIONS TO BE TAKEN IN JAPAN**<br><br>**DEPONENTS:**<br><br>**PANASONIC CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, AND/OR PANASONIC CONSUMER ELECTRONICS** |

**TO:     ANY CONSUL OR VICE CONSUL OF THE UNITED STATES OF AMERICA AT OSAKA-KOBE, JAPAN**

Upon the application of Saxon Innovations, LLC ("Saxon"), Complainant in *Certain Electronic Devices, Including Handheld, Wireless Communications Devices*, Inv. Nos. 337-TA-673 and 337-TA-667, before the U.S. International Trade Commission ("ITC"), and pursuant to Article 17 of the United States - Japan Consular Convention,

**THE COURT HEREBY ISSUES A COMMISSION** appointing and authorizing any Consul or Vice Consul of the United States of America at Osaka-Kobe, Japan to administer any necessary oaths and to take deposition testimony of the following volunteering witnesses at the Consulate General of the United States, Osaka, Japan, commencing on or about June 29, 2009, at 9:00 a.m. and terminating on or about July 1, 2009, at 5:00 p.m.:

**Kouhei Baba, Seiichi Suzuki, Kyoko Hamakawa, Akihisa Omori, Shigeru Ogura, Kazuhiko Namikawa, and Tetsuya Sakamoto.**

Any documentary exhibits in connection with these depositions shall be marked.

#10966148 v1

Counsel for Respondents Panasonic Corporation, Panasonic Corporation of North America, and/or Panasonic Consumer Electronics (collectively, "Panasonic") who will participate in said depositions are Steven J. Routh, Sten A. Jensen, T. Vann Pearce, Jr., Jordan L. Coyle, William H. Wright, and Nic Merrin.

Counsel for Saxon who will participate in said depositions are William D. Belanger, Michael T. Renaud, Ibrahim M. Hallaj, David Loo, Gregory Len, Aaron Levangie, Matthew Durrell, Alexandra Fennell, Nicole Galli, and Bryan T. Giles.

Counsel for the Commission Investigative Staff who will participate in said depositions is Lisa A. Murray.

Duncan Flett, Akiko Hirashima, Ai Miyake, Fumiko Kosaka, Yuko Hughes, Kyoko Oyama, Sachi Shirota, Grace Liu, Anthony Tatekawa, Tomoko Nishimura, Mick Corliss, Ko Iwata, Donald Johnson, Shuichi Yamakawa, Neelu Kaur, Mike Sekine, and Masahiro Toiya will act as interpreters.

Elizabeth Santamaria, Thelma Harries, Jason Butko, and Anthony Trotter will serve as court reporters and videographers.

Please cause the testimony of said witnesses to be recorded by video and reduced to writing; the depositions to be signed by said witnesses; said deposition testimony to be annexed to your Commission and closed under your seal; and the return of these materials to this Court with all convenient speed.

WITNESS, the Honorable _____, United States Judge of the

United States District Court, District of Columbia, this _____ day of _____, 2009.


_____
Honorable
United States Judge
United States District Court
District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

I hereby certify that the signature above is that of the Honorable _____,
United States Judge of the United States District Court of the District of Columbia.

_____ Clerk of Court

By: _____

Deputy Clerk: _____

Seal:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of ) | **Misc. Action No.** _____ |
| ) | |
| CERTAIN ELECTRONIC DEVICES, ) | **REQUEST FOR ISSUANCE OF** |
| INCLUDING HANDHELD, WIRELESS ) | **A COMMISSION TO TAKE** |
| COMMUNICATIONS DEVICES ) | **DEPOSITIONS IN JAPAN** |

In the Matter of

CERTAIN ELECTRONIC DEVICES,
INCLUDING HANDHELD, WIRELESS
COMMUNICATIONS DEVICES

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Misc. Action No.** _____

**REQUEST FOR ISSUANCE OF
A COMMISSION TO TAKE
DEPOSITIONS IN JAPAN**


**DEPONENTS:**


**PANASONIC CORPORATION,
PANASONIC CORPORATION
OF NORTH AMERICA, AND/OR
PANASONIC CONSUMER
ELECTRONICS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
UNOPPOSED MOTION BY COMPLAINANT SAXON INNOVATIONS, LLC FOR THE
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A COMMISSION
FOR THE TAKING OF DEPOSITIONS IN JAPAN**

Saxon Innovations, LLC ("Saxon"), Complainant in *Certain Electronic Devices,*

*Including Handheld, Wireless Communications Devices,* Inv. Nos. 337-TA-673 and 337-TA-

667, before the U.S. International Trade Commission ("ITC"), by its counsel, respectfully

requests that the Court issue the proposed commission for the taking of depositions in Japan in

the aforementioned consolidated investigation.

**I.    STATEMENT OF FACTS**

Pursuant to Section 210.28 of the ITC's Rules of Practice and Procedure (19

C.F.R. § 210.28), Federal Rule of Civil Procedure 30(b)(6), and the Ground Rules set forth in

Order No. 2 of Investigation No. 337-TA-667, Saxon issued a Notice of Deposition on February

13, 2009, to Respondents Panasonic Corporation, Panasonic Corporation of North America, and

Panasonic Consumer Electronics Company (collectively, "Panasonic"). *See* Exhibit A, Saxon

Innovations, LLC's First Notice of Deposition of Respondents Panasonic Corporation, Panasonic

Corporation of North America, and Panasonic Consumer Electronics Company. By that Notice, Saxon requested that Panasonic produce corporate designee witnesses who could testify on various topics at Panasonic's offices in Secaucus, New Jersey. *See id.* In response, Panasonic offered the following corporate representatives who have agreed to voluntarily appear for depositions to be taken at the Consulate General of the United States, Osaka, Japan, on or about June 29, 30, and July 1, 2009: Kouhei Baba, Seiichi Suzuki, Kyoko Hamakawa, Akihisa Omori, Shigeru Ogura, Kazuhiko Namikawa, and Tetsuya Sakamoto (collectively, "Deponents"). For the convenience of Deponents, Saxon agreed to take the necessary steps in order to obtain their deposition testimony before a consular officer at the Consulate General, including (1) obtaining a commission from an American court which allows the depositions to proceed in Japan and (2) obtaining Japanese special deposition visas which will allow counsel to travel to Japan for the depositions. *See generally* U.S. Dept. of State-Bureau of Consular Affairs, *Japan Judicial Assistance*, http://travel.state.gov/law/info/judicial/judicial_678.html (last visited May 14, 2009).

On May 7, 2009, Saxon moved the Administrative Law Judge in *Certain Electronic Devices, Including Handheld, Wireless Communications Devices*, Inv. Nos. 337-TA-673 and 337-TA-667, to issue a recommendation that this Court issue a commission appointing and authorizing any consular officer at the Consulate General of the United States, Osaka, Japan, to take the voluntary depositions of Deponents. That same day, the Administrative Law Judge granted Saxon's motion and issued the requested recommendation. *See* Exhibit B, Order and Recommendation of Administrative Law Judge Robert K. Rogers, Jr. dated May 7, 2009. Saxon now respectfully moves the Court to issue the proposed commission so that the depositions of Deponents can proceed at the Consulate General of the United States, Osaka, Japan, on or about June 29, 30, and July 1, 2009. Should the Court issue the requested commission, the American

#10966148 v1

attorneys participating in the depositions will use it to apply for Japanese special deposition visas.

## II.    DISCUSSION

The proposed commission appoints and authorizes any Consul or Vice Consul of the United States to allow for the taking and transcribing of various depositions by Saxon of Panasonic in Osaka, Japan.  The proposed commission solicits deposition testimony from the above-referenced individuals who have volunteered to offer testimony in Japan in response to a deposition notice that Saxon served on Panasonic.

The requested commission is necessary because Article 17 of the United States-Japan Consular Convention provides that consular officers may

> (ii)    take depositions, on behalf of the courts or other judicial tribunals or authorities of the sending state, voluntarily given.

> (iii)    administer oaths to any person in the receiving state in accordance with the laws of the sending state and in an manner not inconsistent with the laws of the receiving state.

Consular Convention, United States-Japan, art. 17(1)(e)(ii)-(iii), March 22, 1963, 15 U.S.T. 768. This general reference to the authority of consular officers to take depositions has been interpreted by the Government of Japan very strictly.  *See* U.S. Dept. of State-Bureau of Consular Affairs, *Japan Judicial Assistance*, http://travel.state.gov/law/info/judicial/judicial_678.html (last visited May 14, 2009).  Japanese law and practice, and the mutually agreed upon interpretation of the United States-Japan Consular Convention concerning obtaining evidence in Japan, permits the taking of a deposition on U.S. consular premises of a willing witness for use in a court in the United States only (1) pursuant to a commission (Fed. R. Civ. P. 28(b)(2)) to take a deposition issued by a court to any Consul or Vice Consul of the United States at Osaka-Kobe or (2) on notice, provided an order

issued by a court in the United States specifically authorizes an American consular officer to take the deposition on notice. *See id.*

Further, the requested commission is necessary because American attorneys participating in depositions in Japan must apply for and obtain Japanese special deposition visas at least two weeks prior to their departure for Japan, and the visa application papers must contain a photocopy of the commission from an American court which allows the depositions to proceed in Japan. *See id.* Orders of Administrative Law Judges are not accepted by the government of Japan for this purpose.

The Court has the authority to issue the requested commission pursuant to the All Writs Act, 28 U.S.C. § 1651 and its Local Civil Rule 40.3(a)(1), n.1. There is precedent for the signing of such a commission by the U.S. District Courts in order to permit the taking of depositions in agency actions. *See In the Matter of Certain Variable Speed Wind Turbines and Components Thereof*, Misc. No. 08-710 (D.D.C. Nov. 7, 2008); *In the Matter of Certain Semiconductor Integrated Circuits Using Tungsten Metallization and Products Containing Same*, Misc. No. 08-709 (D.D.C. Nov. 3, 2008); *In the Matter of Certain Probe Card Assemblies, Components Thereof and Certain Tested DRAM and NAND Flash Memory Devices and Products Containing the Same*, Misc. No. 08-MC-0266-TFH (D.D.C. May 5, 2008); *see generally* DONALD K. DUVALL, ET AL., UNFAIR COMPETITION AND THE ITC, § 4:49 (2008) (entitled "Taking discovery of persons abroad").

## III.    CONCLUSION

In order to obtain the necessary commission for the referenced depositions scheduled to commence on or about June 29, 2009, Saxon respectfully requests that the Court assign a judge to this matter and, if necessary, schedule a hearing to expedite the issuance of the above-described commission, so that the parties may comply with the procedural schedule in U.S.I.T.C. Inv. Nos. 337-TA-673 and 337-TA-667 and also obtain the necessary visas to conduct the referenced depositions at the Consulate in Japan.

Dated: May 21, 2009                                    Respectfully submitted,


                                                       Charles H. Carpenter
                                                       (D.C. Bar No. 432004)
                                                       Heather Kilgore Weiner
                                                       Pepper Hamilton LLP
                                                       Hamilton Square
                                                       600 Fourteenth Street, N.W.
                                                       Washington, DC 20005-2004
                                                       202.220.1200
                                                       202.220.1665 (facsimile)


                                                       William D. Belanger
                                                       Aaron J. Levangie
                                                       Gregory D. Len
                                                       Pepper Hamilton LLP
                                                       15th Floor, Oliver Street Tower
                                                       125 High Street
                                                       Boston, MA 02110-2736
                                                       617.204.5100
                                                       617.204.5150 (facsimile)


                                                       )

                                                       **Counsel for Complainant**
                                                       SAXON INNOVATIONS, LLC

#10966148 v1

EXHIBIT A

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON DC

Before The Honorable Robert K. Rogers, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of )<br>)<br>)<br>CERTAIN ELECTRONIC DEVICES, )<br>INCLUDING HANDHELD, WIRELESS )<br>COMMUNICATIONS DEVICES )<br>) | Investigation No.<br>337-TA-667 |

## SAXON INNOVATIONS, LLC'S FIRST NOTICE OF DEPOSITION OF RESPONDENTS PANASONIC CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, AND PANASONIC CONSUMER ELECTRONICS COMPANY

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Commission Rule 210.28, and Ground Rule 4.4.1, Complainant Saxon Innovations, LLC ("Saxon"), by and through its counsel, will take the deposition of Panasonic Corporation, Panasonic Corporation of North America, and Panasonic Consumer Electronics Company (collectively, "Panasonic") on April 7, 2009 beginning at 9:00 a.m. at the offices of Panasonic located at One Panasonic Way, Secaucus, New Jersey, 07094 or at such other date, time, and/or location as agreed to, and continuing day to day, excluding Saturdays, Sundays and holidays, until completed. The deposition will be stenographically recorded and may be videotaped. You are invited to attend and examine the witness.

As required under Rule 30(b)(6) and Commission Rule 210.28, Panasonic shall designate one or more officers, directors, managing agents, or other person(s) who consent to testify on its behalf concerning the deposition topics set forth in Attachment B. The definitions in Attachment A apply to the deposition topics identified in Attachment B. Saxon requests that Panasonic identify, for each person designated, the deposition topic(s) on which that person will testify.

Date:  February 13, 2009                    Respectfully submitted,

                                            William D. Belanger
                                            Aaron J. Levangie
                                            Gregory D. Len
                                            Pepper Hamilton LLP
                                            Suite 1010
                                            101 Federal Street
                                            Boston, MA 02110-1817
                                            617.956.4350
                                            617.956.4351 (facsimile)

                                            Charles H. Carpenter
                                            Pepper Hamilton LLP
                                            Hamilton Square
                                            600 Fourteenth Street, N.W.
                                            Washington, DC 20005-2004
                                            202.220.1200
                                            202.220.1665 (facsimile)

                                            Counsel for Complainant
                                            Saxon Innovations, LLC

## ATTACHMENT A

### DEFINITIONS

1.  The terms "You," "Your," or "Panasonic" refer to Panasonic Corporation, Panasonic Corporation of North America, and Panasonic Consumer Electronics Company, collectively, including any of their past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on their behalf.

2.  "Saxon" means Complainant Saxon Innovations, LLC.

3.  "Respondents" means Nokia Corp., Nokia, Inc., Research In Motion Ltd., Research In Motion Corp., High Tech Computer Corp., HTC America, Inc., Palm, Inc., Panasonic Corporation, Panasonic Corporation of North America, Panasonic Consumer Electronics Company, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLP.

4.  "Third Party" or "Third Parties" means any person or entity other than Saxon or Respondents.

5.  "Document(s)" has the same meaning that it has under Federal Rule of Civil Procedure 34 and Commission Rule 210.30, and includes electronically stored information as specified in Federal Rule of Civil Procedure 34.

6.  "Asserted Patents" means, collectively, U.S. Patent Nos. 5,235,635 ("the '635 Patent"); 5,530,597 ("the '597 Patent"); and 5,608,873 ("the '873 Patent").

7.  "Source Code" means human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Source Code files include, but are not limited to, files containing source in "C", "C++", assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages. Source Code files further include

".include files," "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on an application processor, micro-controller, or DSP.

8.    The term "Prior Art" is used in the same sense that it is used in 35 U.S.C. § 103, and includes any patent, printed publication, prior knowledge, prior use, prior sale or offer for sale, or other act or event defined in 35 U.S.C. § 102, taken alone or in combination.

9.    "Accused Products" means (1) at least the following Panasonic electronic devices imported into the United States, sold for importation into United States, and/or sold within the United States after importation: Y7 Toughbook, and TH-42PX75U 42 inch Plasma TV Remote; (2) Panasonic electronic devices imported into the United States, sold for importation into United States, and/or sold within the United States after importation that (a) include an apparatus or system that awakens the device from a low-power state using a keypad monitor with keypad activity-based activation; (b) include logic circuitry for enabling and disabling interrupts and overriding masked interrupts, and/or (c) include two or more processor devices that perform inter-processor communications using post office memory containing two or more mailboxes; and (3) Panasonic electronic devices that will be imported into the United States, sold for importation into the United States, and/or sold within the United States prior to the target date for completion of this investigation that (a) include an apparatus or system that awakens the device from a low-power state using a keypad monitor with keypad activity-based activation; (b) include logic circuitry for enabling and disabling interrupts and overriding masked interrupts, and/or (c) include two or more processor devices that

perform inter-processor communications using post office memory containing two or more mailboxes.

## ATTACHMENT B

## TOPICS

1.  The identity of the manufacturer of each Accused Product and the importation process for each Accused Product including, but not limited to: (a) how each Accused Product is transferred from the manufacturer to a retailer that sells the Accused Product or offers the Accused Product for sale in the United States; (b) the identity of each Panasonic entity and/or Third Party that holds title to the Accused Product during each step of the importation process described in sub-part (a); and (c) the identity of each owner, importer and consignee involved in the importation process described in sub-part (a).

2.  For each Accused Product, (a) the total number of Accused Products imported into the United States, sold for importation into the United States, and/or sold within the United States after importation on a monthly basis from January 1, 2008 to the present; and (b) the total number of Accused Products that Panasonic projects to import into the United States, sell for importation into the United States, and/or sell within the United States after importation from April 1, 2009 until the target date for completion of this investigation.

3.  The total quantity of Accused Products that (a) Panasonic holds title to and that are located in the United States, and (b) to the extent not accounted for in sub-part (a), the total quantity of Accused Products that are within Panasonic's possession, custody, or control and located in the United States.

4.  The structure, function, and operation of the Accused Products including, but not limited to, the structure, function, and operation of: (a) all hardware, firmware, and application processors within the Accused Products; and (b) all Source Code within the Accused Products.

5.    For each Accused Product, the structure, function, operation, and implementation of all clock functional blocks, power management functional blocks, interrupt controller functional blocks, keypad interface functional blocks, and GPIO (general purpose input-output) functional blocks for all application processors included in any of the Accused Products including, but not limited to, the interrupt controller functional blocks, clock functional blocks, power management functional blocks, keypad interface functional blocks, and/or GPIO functional blocks identified in Exhibits 32 to the Complaint.

6.    For each Accused Product, the structure, function, operation, and implementation of the keypad interface, keypad event handling, and GPIOs (general purpose input-outputs) for the software operating systems included in the Accused Products including, but not limited to, the keypad interface and GPIO (general purpose input-output) identified in Exhibit 32 to the Complaint.

7.    For each Accused Product, the structure, function, operation, and implementation of all PLLs (Phase Lock Loop), DLLs (Delay Lock Loop), and any peripheral control logic involved in clock signal generation in the Accused Products.

8.    For each Accused Product, the structure, function, operation, and implementation of (a) all mailbox memory functional blocks and (b) two or more processor devices that perform inter-processor communications using post office memory containing two or more mailboxes within the Accused Products.

9.    The structure, function, and operation of each Accused Product informing Panasonic's assertions that the Accused Products do not infringe the Asserted Patents.

10.    The identity of all types (*e.g.*, Specifications, Guides, Manuals, etc.) of (a) Panasonic technical documents and (b) Third Party application processor manufacturer technical

documents relating to the Accused Products for each of the following: (1) power management functionality; (2) clock signal generation functionality; (3) keypad interface functionality; (4) interrupt controller functionality; (5) GPIO (general purpose input-output) functionality; and (6) mailbox memory functionality.

11.    The identity of all types of technical documentation (*e.g.* technical reference manuals, application notes, etc.) that Panasonic has received, or has access to, from all Third Party application processor companies relating to the Accused Products, and how Panasonic exchanges and/or access such Third Party documentation.

12.    All Source Code within Panasonic's possession, custody, and control utilized in and/or for each Accused Product including, but not limited to, Source Code relating to the operating system, firmware, and/or hardware drivers (*e.g.*, physical device drivers).

13.    For each Accused Product, the Source Code database or equivalent repository for the Source Code utilized by each application processor in the Accused Products.

14.    The RTL (Register Transfer Level) database or equivalent Panasonic repository for the Accused Products

15.    All activities undertaken to meet your document-related discovery obligations in this investigation, including the identity of all Panasonic personnel that searched for documents responsive to Saxon's discovery requests, and the identity of all document repositories (*e.g.*, centralized and non-centralized servers or networks, shared drives, email servers, hard copy files, employee desktop and/or laptop computers, and databases containing electronically stored information relating to the Accused Products including, but not limited to, Source Code, etc.) that Panasonic searched in response to Saxon's discovery requests.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 21, 2009 she caused the Unopposed Motion by Complainant Saxon Innovations, LLC for the District Court for the District of Columbia to Issue a Commission for the Taking of Depositions in Japan to be served upon the following parties as indicated below:

| | |
|---|---|
| The Honorable Marilyn R. Abbott<br>Secretary<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 112<br>Washington, D.C. 20436 | ☐ Original & Six (6) Copies, Via Hand Delivery<br><br>☑ Via Electronic Filing |
| The Honorable Robert K. Rogers, Jr.<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Two (2) Copies – Via Hand Delivery |
| Michael Forman, Esq.<br>ALJ Attorney-Advisor<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 317<br>Washington, D.C. 20436 | Via Electronic Mail – No Attachments<br>Michael.Forman@usitc.gov<br><br>☑ Portable Document Format (PDF) |
| Lisa M. Murray, Esq.<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 401<br>Washington, D.C. 20436 | ☑ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>Lisa.Murray@usitc.gov |
| **On behalf of Nokia Corp. and Nokia Inc.:**<br><br>Paul F. Brinkman, Esq.<br>S. Alex Lasher, Esq.<br>**ALSTON & BIRD LLP**<br>950 F Street, N.W.<br>Washington, D.C. 20004-1404 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>Nokia-667@alston.com |
| **On behalf of Nokia Corp. and Nokia Inc.:**<br><br>Robert F. Perry, Esq.<br>Alexas D. Skucas, Esq.<br>**KING & SPALDING LLP**<br>1185 Avenue of the Americas<br>New York, NY 10036-4003 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>Nokia-saxon-itc@kslaw.com |

| | |
|---|---|
| **On behalf of Research In Motion Ltd. and Research In Motion Corp.:**<br><br>Peter J. Chassman, Esq.<br>Gregg A. Duffey, Esq.<br>Michelle C. Repogle, Esq.<br>**HOWREY LLP**<br>1111 Louisiana, 25th Floor<br>Houston, TX 77002-5242 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>Rim-outsidecounsel-itc@howrey.com |
| **On behalf of Research In Motion Ltd. and Research In Motion Corp.:**<br><br>Cecilia H. Gonzalez, Esq.<br>Bert C. Reiser, Esq.<br>**HOWREY LLP**<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2402 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>Rim-outsidecounsel-itc@howrey.com |
| **On behalf of Palm, Inc.:**<br><br>V. James Adduci, II, Esq.<br>Michael L. Doane, Esq.<br>**ADDUCI, MASTRIANI & SCHAUMBERG, LLP**<br>1200 Seventeenth Street, N.W., 5th Floor<br>Washington, D.C. 20036 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>Palm-002@adduci.com |
| **On behalf of Palm, Inc.:**<br><br>John Allock, Esq.<br>Brian M. Fogarty, Esq.<br>Vincent S. Lam, Esq.<br>**DLA PIPER**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>palm_dla_667@dlapiper.com |
| **On behalf of Palm, Inc.:**<br><br>Elizabeth Day, Esq.<br>William G. Goldman, Esq.<br>Thomas Burg, Esq.<br>**DLA PIPER**<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☑ Via Electronic Mail<br>palm_dla_667@dlapiper.com |

| **On behalf of Panasonic Corporation, Panasonic Corporation of North America, and Panasonic Consumer Electronics Company:**<br><br>Steven J. Routh, Esq.<br>Sten A. Jensen, Esq.<br>T. Vann Pearce, Esq.<br>Jordan L. Coyle, Esq.<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>1152 15th Street, N.W.<br>Washington, D.C.  20005-1706 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☒ Via Electronic Mail<br>Orrick667@orrick.com |
| **On behalf of Panasonic Corporation, Panasonic Corporation of North America, and Panasonic Consumer Electronics Company:**<br><br>William H. Wright, Esq.<br>Nic Merrin, Esq.<br>**ORRICK, HERRINGTON & SUTCLIFF LLP**<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA  90017-5855 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☒ Via Electronic Mail<br>Orrick667@orrick.com |
| **On behalf of Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLP**<br><br>Maureen F. Browne<br>**COVINGTON & BURLING LLP**<br>1201 Pennsylvania Ave., N.W.<br>Washington, DC  20004-2401 | ☐ Via Hand Delivery<br><br>☐ Via Overnight Mail<br><br>☒ Via Electronic Mail<br>mbrowne@cov.com<br>Samsung337TA673@cov.com |

Heather Kilgore Weiner
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C.  20005-2004